IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. BOBBY DWAINE ENGLAND

**Appeal from the Criminal Court for Cumberland County**
**No. 08-0145     David Patterson, Judge**

_____

**No. E2009-01589-CCA-R3-CD - Filed June 18, 2010**

_____

The Defendant, Bobby Dwaine England, pled guilty in the Cumberland County Criminal Court to two counts of aggravated vehicular homicide, a Class A felony, with the sentence to be determined by the trial court. Following a sentencing hearing, the trial court imposed consecutive sentences of twenty-four years as a Range I, standard offender, for a total effective sentence of forty-eight years. In this appeal as of right, the Defendant contends that the trial court imposed an excessive sentence both in length and manner of service. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. JOSEPH M. TIPTON, P.J., filed a separate concurring opinion.

Tom Beesley, Crossville, Tennessee, for the appellant, Bobby Dwaine England.

Robert E. Cooper, Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Randy York, District Attorney General; and Gary McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's convictions arise from the March 14, 2008 car accident and deaths of Tony D. Lewis and Mary R. Elmore, passengers in a vehicle driven by the Defendant. Evidence presented at the sentencing hearing reflects that the Defendant's blood alcohol level

exceeded .20% at the time of the accident. On April 21, 2009, the Defendant pled guilty to the indictment as charged without any agreement regarding sentencing.[1]

At the June 12, 2009 sentencing hearing, Danny Williams of the Tennessee Board of Probation and Parole testified regarding the Defendant's criminal history. Mr. Williams reported that the Defendant was previously convicted of five separate driving under the influence (DUI) offenses, resisting arrest, assault and battery, destruction of private property, simple robbery, second degree burglary, and driving on a revoked license. The Defendant's criminal history dated back to 1980. Mr. Williams also stated that the Defendant's social history indicated that he failed the seventh grade twice before dropping out of school. The Defendant's early DUI convictions involved his inhalation of paint prior to driving. Mr. Williams acknowledged that individuals with a history of paint sniffing often suffered from "brain damage." Mr. Williams also stated that the Defendant had violated parole on two occasions, although one violation was ultimately dismissed. Mr. Williams testified that the Defendant self-reported that he was probably wanted in Florida for a probation or parole violation arising from a 2004 DUI conviction. However, Mr. Williams was unable to substantiate this report.

The Defendant offered no proof at the sentencing hearing but exercised his right to allocution wherein he expressed remorse for the offenses and apologized to the victims' families for his role in their loss. The State asked for maximum consecutive sentences in consideration of the Defendant's criminal history. Defense counsel stated that "I have no mitigating factors to offer you" but noted that the victims were passengers in the Defendant's vehicle and, as such, "were involved in the commission of the DUI crime . . . . they were not innocent bystanders whose lives were lost, they were participating in this . . . activity." Defense counsel argued that the Defendant should not be punished twice for his criminal history by the imposition of both the maximum sentences and consecutive service of the sentences.

In arriving at its sentencing determination, the trial court noted that the Defendant could have been sentenced as a Range II, multiple offender, based upon his criminal history but received the Range I classification in exchange for his guilty pleas. The trial court considered the Defendant's past failed attempts at rehabilitation as evidenced by parole or probation violations. The trial court also noted that the Defendant was on supervised status when the present offenses were committed. The trial court placed great weight upon the Defendant's history of criminal convictions, particularly the numerous DUI convictions.

_____

[1] The transcript of the guilty plea submission hearing is absent from the record on appeal. Therefore, the facts and circumstances surrounding the offenses can only be ascertained from the testimony at the sentencing hearing and comments of the trial court.

Based upon these findings and the Defendant's admitted absence of mitigating factors, the trial court imposed sentences of twenty-four years for each conviction.

The trial court then imposed consecutive sentences based upon its findings that the Defendant had an extensive history of criminal behavior, see Tenn. Code Ann. § 40-35-115(b)(2) and that the Defendant is a dangerous offender, see Tenn. Code Ann. § 40-35-115(b)(4). Regarding the dangerous offender factor, the trial court stated

> that if we were to possibly chart a course for the [D]efendant in this case and say what would happen next in his life at forty-six years of age, we would say that [the Defendant] would be out one night with two of his friends or by himself and he would kill somebody because of his drinking and driving and that's exactly what happened. What we have here is the inevitable consequence of a life lived contrary to the law. . . . And so he is a dangerous offender.
>
> This offense is the greatest offense that a person can commit while driving. It is one that the court does not take lightly and I know that the [D]efendant has not taken lightly either. . . . what I know is that it's appropriate for the court to find that he is a dangerous offender.

In imposing consecutive sentences, the trial court also commented that it would be "a horrible idea" to run the sentences concurrently in consideration of the loss suffered by the victims' families.

*Analysis*

Length of Sentence

The Defendant argues that the trial court placed too much weight upon his criminal history in arriving at a twenty-four year sentence near the maximum of the length allowed for his range classification. He also contends that the complicity of the victims as passengers in the vehicle with the knowingly intoxicated Defendant driver should have mitigated the length of his sentence. Essentially, the Defendant's argument is an attack on the weight the trial court afforded the sentencing factors. The State argues that the record shows that the trial court considered the principles of sentencing in arriving at its sentencing determination and the sentencing decision should be affirmed. Following our review, we agree with the State.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, on appeal the burden is on the Defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991); see also State v. Carter, 254 S.W.3d 335 (Tenn. 2008).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994) (citation omitted); see Tenn. Code Ann. § 40-35-210(e).

Tennessee's sentencing act provides:

(c) The court shall impose a sentence within the range of punishment, determined by whether the defendant is a mitigated, standard, persistent, career, or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c)(1)-(2).

The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Id. § (d)-(f); Carter, 254 S.W.3d at 342-43. "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in . . . the Sentencing Act." Carter, 254 S.W.3d at 346. As explained by our supreme court in Carter, the 2005 amendments to the Sentencing Act now afford the trial court such greater discretion that:

the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of the [Sentencing Act].'"

Carter, 254 S.W.3d at 343 (citing Tenn. Code Ann. § 40-35-210(d)). Accordingly, on appeal we may only review whether the enhancement and mitigating factors were supported by the record and their application was not otherwise barred by statute. See id.

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the defendant's potential for rehabilitation or treatment, and (8) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

We conclude that the record supports the application of enhancement factors found by the trial court. The Defendant's criminal history contains multiple DUI offenses as well as two felony convictions. This history of driving offenses culminated in the present offenses and the deaths of two victims. The Defendant conceded at the sentencing hearing that there were no applicable mitigating factors but argued that the victims were somehow complicit in the offenses. As previously explained, as long as the record reflects that the trial court considered the principles of sentencing and facts and circumstances of the offense in arriving

at its determination, this court is bound by the weight afforded any sentencing factors applicable to the offense. We further conclude that the sentence length of twenty-four years complies with the purposes and principles of sentencing that were properly considered by the trial court. Accordingly, the sentence lengths are affirmed.

## Consecutive Sentencing

With regards to consecutive sentencing, the trial court made specific findings that the Defendant qualified as an offender with an extensive history of criminal activity, Tenn. Code Ann. § 40-35-115(b)(2), and as a dangerous offender, Tenn. Code Ann. § 40-35-115(b)(4). See also, State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). The Defendant does not contest the trial court's findings, but he argues that the trial court should not be allowed to consider his criminal history in determining that the imposition of consecutive sentences is appropriate in this case because his criminal history provided the basis for increasing the length of the sentence beyond the statutory minimum. The State responds that the trial court may consider criminal history in arriving at both the length of the sentence and the manner of imposition and that the record supports the trial court's determination in this case. Our courts have consistently held that criminal history may serve as the basis for findings regarding the length and manner of service. State v. Meeks, 867 S.W.2d 361, 377 (Tenn. Crim. App. 1993). We also note that although the trial court failed to address the specific findings required under Wilkerson, the trial court's factual findings are supported by the record and justify the imposition of consecutive sentences.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

D. KELLY THOMAS, JR., JUDGE

-6-